# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 20, 2014

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**SWOPE CONSTRUCTION,**
**Employer Below, Petitioner**

**vs.)    No. 13-0658** (BOR Appeal No. 2047970)
                (Claim No. 2013005765)

**JOHN D. PETTRY,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Swope Construction, by Jonathan T. Cook, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. John D. Pettry, by Reginald D. Henry, his attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 17, 2013, in which the Board affirmed a December 14, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's October 1, 2012, decision which rejected the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Pettry, a carpenter, was injured in the course of his employment on July 16, 2012, when he fell off of an eight foot form. He was taken from his work site by ambulance to Raleigh General Hospital where he was diagnosed with multiple contusions, bilateral knee strains, shoulder strain, neck strain, and back strain. On the employee's and physician's report of injury he asserted that he sustained multiple contusions and sprains of the bilateral knees, shoulder, neck, and back as a result of the fall. An MRI of the right shoulder revealed a partial thickness tear of the rotator cuff.

1

The record contains multiple witness statements which indicate Mr. Pettry appeared to be drowsy the day of the accident. There were no witnesses to the actual fall. A few co-workers heard the sound of Mr. Pettry hitting the ground but did not actually see him fall. Kevin Hoke, the crane operator at the time, stated that he saw Mr. Pettry begin to climb off the form and then hit the ground, landing on his right shoulder. Mr. Hoke was unable to see where Mr. Pettry fell from.

Philip Surface, D.O., performed an independent medical evaluation on November 20, 2011. He opined that Mr. Pettry sustained a work-related injury on July 16, 2012. He stated that the injury was limited to a tear of the right rotator cuff. The other complaints relating to the lumbar spine and left rib are the result of pre-existing spinal stenosis which was documented in 2007. He also found that Mr. Pettry suffers from right knee osteoarthritis, which is a pre-existing, non-compensable condition.

Mr. Pettry testified in hearing before the Office of Judges on November 28, 2012. He stated that he was unhooking a form that was approximately eight feet high, when the form was unhooked it began to move and he lost his balance and fell. He grabbed onto the form with his right arm in an attempt to prevent his fall. He lost consciousness when he hit the ground. He was taken from the job site to the hospital in an ambulance. The fall caused pain in his lower back, right shoulder, left rib, and bilateral knees. He stated that he currently takes Oxycodone, Nexium, and Methadone regularly. He occasionally takes Valium and Ambien. He stated that he takes the medications after work, not before. He stated that he had a prior workers' compensation claim which involved his head and neck. He has had multiple lower back injuries prior to the work-related injury in the instant case. He also had pre-existing balance issues.

The claims administrator rejected the claim on October 1, 2012. The Office of Judges reversed the decision and held the claim compensable for multiple contusions and a right rotator cuff tear in its December 14, 2012, Order. Significant weight was given to Mr. Pettry's hearing testimony. He was treated at Raleigh General Hospital's emergency room that day and diagnosed with multiple contusions. The Office of Judges found numerous diagnostic tests which showed degenerative changes in the lumbar spine and osteoarthritis in the knees. Mr. Pettry's testimony was supported by the independent medical evaluation of Dr. Surface which was also given great weight. Dr. Surface opined that Mr. Pettry suffered a right rotator cuff tear in the course of his employment. Dr. Surface's assessment was consistent with hospital records and the statement of the crane operator who said that Mr. Pettry fell onto his right shoulder.

The Office of Judges noted that Swope Construction argued Mr. Pettry fell while standing on the ground as the result of medications he was taking at that time. The argument was determined to be unpersuasive because it contradicted the hospital records which indicate a diagnosis of multiple contusions. The Office of Judges found that Swope Construction did not show that Mr. Pettry was under the influence of medication during his work hours. The Office of Judges also found that Mr. Pettry's previous work-related injuries did not prevent him from suffering a new injury on July 16, 2012.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its May 17, 2013, decision. This Court agrees with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidentiary record indicates Mr. Pettry sustained multiple contusions and a right rotator cuff tear in the course of his employment on July 16, 2012.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   October 20, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin

3